**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ELISABETH GRIMSHAW and GENE ERIC GRIMSHAW, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 2:20-cv-01068-GMN-EJY |
| vs. | ) ) | **ORDER** |
| TARGET CORPORATION and METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 20), filed by Defendant Target Corporation ("Target"). Plaintiffs Elisabeth Grimshaw ("Elisabeth") and Gene Grimshaw ("Gene") (collectively "Plaintiffs") filed a Response, (ECF No. 23), and Target filed a Reply, (ECF No. 24). For the reasons discussed herein, Target's Motion to Dismiss is **DENIED in part and GRANTED in part**.

## I.    BACKGROUND

This case concerns Target's employee relocation benefits, and the subsequent $400,000 loss of Property during Plaintiffs' move to Las Vegas, Nevada. (*See* First Am. Compl. ("FAC"), ECF No. 15). In 2018, Target promoted Elisabeth to a new position within the company. (*Id*. ¶¶ 11–12). As a condition of the promotion and employment, Elisabeth was required to relocate to Nevada. (*Id*. ¶ 12). Target offered to pay all the costs associated with moving Plaintiffs' household provisions and personal/business property (the "Property."). (*Id*. ¶ 13). Specifically, Target offered to locate, hire, and pay a moving company to move all of Plaintiffs' Property (the "Agreement"). (*Id*. ¶ 14).

Prior to moving, Target informed Plaintiffs of the company's Relocation Policy. (*Id*. ¶ 18). The Relocation Policy identified benefits Plaintiffs could receive as part of their relocation, which included (1) a relocation allowance of $7,500; (2) airfare; and (3) guaranteed home sale. (*Id*. ¶ 20). Before receiving any benefits, Elisabeth signed a Relocation Expense Agreement (the "Repayment Agreement"). (*Id*. ¶ 22). Under the Repayment Agreement, Elisabeth agreed to repay all or part of the relocation benefits if: (1) she failed to start in her new position; (2) she voluntarily terminated her employment within 18 months of the move; or (3) she was terminated for cause within 18 months of the move. (*Id*. ¶¶ 24–26). Plaintiffs allegedly performed all obligations of the Agreement and did not act in any way that would trigger payment obligations under the Repayment Agreement. (*Id*. ¶ 31).

To arrange for Plaintiffs' move, Target purportedly contracted with North American Van Lines ("NAVL") and/or Beltman Relocation Group ("Beltman") (collectively, "Moving Companies") for their moving services (the "Moving Contract"). (*Id*. ¶¶ 39–41). Plaintiffs are not a party, but rather, third-party beneficiaries, to the Moving Contract. (*Id*. ¶ 41). Plaintiffs were not provided the opportunity to review or negotiate any of the terms of the Moving Contract between Target and Moving Companies, including any provisions regarding the scope and extent of insurance coverage to protect against the risk of loss of moving their Property to Nevada. (*Id*. ¶ 42).

In 2018, Plaintiffs moved to Las Vegas, Nevada. (*Id*. ¶ 33). In the course of shipping Plaintiffs' Property, the transporting vehicle caught fire and destroyed Plaintiffs' Property. (*Id*. ¶ 61). The fire was purportedly the result of negligence by the Moving Companies. (*Id*. ¶ 62). Plaintiffs allege that the total value of the loss of Property was in excess of $400,000.00 (*Id*. ¶ 64).

Plaintiffs' Property was protected by a MPCI policy of homeowners insurance (the "Policy"), which provided insurance for the loss of personal/business property as a result of a

1   fire. (*Id*. ¶ 78).  Plaintiffs submitted a claim to MPCI arising from the fire and loss of their

2   personal property. (*Id*. ¶ 79).  MPCI, however, refused to tender the full amount under the

3   Policy. (*Id*. ¶ 83).

4       As a result, Plaintiffs filed a Complaint in the Eighth Judicial District Court on March

5   23, 2020. (Compl., Ex. 3 to Pet. Removal, ECF No. 1-3).  On June 16, 2020, Target removed

6   the case to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No. 1).

7   Target thereafter filed the instant Motion to Dismiss, seeking dismissal of Claims 1 through 3

8   and Claims 7 and 8. (*See* Target's Mot. Dismiss ("MTD"), ECF No. 20).

9   **II.    LEGAL STANDARD**

10      Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

11  which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

12  555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

13  which it rests, and although a court must take all factual allegations as true, legal conclusions

14  couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

15  12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

16  of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

17  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

18  face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A

19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to

20  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

21  standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

22      "Generally, a district court may not consider any material beyond the pleadings in ruling

23  on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

24  1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the

25  complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a

1  complaint and whose authenticity no party questions, but which are not physically attached to

2  the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v.*

3  *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take

4  judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282

5  (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion

6  to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

7       If the court grants a motion to dismiss for failure to state a claim, leave to amend should

8  be granted unless it is clear that the deficiencies of the complaint cannot be cured by

9  amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

10  to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

11  the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

12  movant, repeated failure to cure deficiencies by amendments previously allowed, undue

13  prejudice to the opposing party by virtue of allowance of the amendment, futility of the

14  amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

15  **III.   DISCUSSION**

16       Target moves to dismiss the following claims alleged in Plaintiffs' First Amended

17  Complaint: (1) breach of contract between Plaintiffs and Target; (2) breach of contract between

18  Target and NAVL and/or Beltman; (3) breach of the implied covenant of good faith and fair

19  dealing; (4) negligence; and (5) negligent performance of an undertaking. (*See* MTD at 6–16).

20  The Court discusses each claim in turn.

21       **A.  Claim 1: Breach of Contract between Target and Plaintiffs**

22       Plaintiffs allege that Target breached two agreements: (1) the Agreement in which

23  Target offered to locate, hire, and pay a moving company to move Plaintiffs' property to

24  Nevada; and (2) the Repayment Agreement, in which Plaintiffs agreed to repay Target its

25  relocation benefits in the event that Elisabeth was terminated or left the company. (*See* FAC ¶¶

14, 22–27, 92–93).  Target, in its Motion to Dismiss, asserts that Plaintiffs fail to allege that the contracts exist and further, that Target breached the alleged contracts. (MTD 6:19–9:19).

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.").  An enforceable contract requires: (1) an offer and acceptance, (2) meeting of the minds, and (3) consideration. *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (Nev. 2005).

As to the Agreement, Plaintiffs do not allege a plausible breach of contract claim.  They minimally assert that "Target offered to locate, hire and pay a moving company to move all the Property from Oswego, New York to Clark County, Nevada (the "Agreement." (FAC ¶ 14). Further, Plaintiff provide that they "accepted the offer to move to Las Vegas and the offer for Target to cover all costs of the move." (*Id*. ¶ 15).  The Agreement, Plaintiffs claim, was supported by adequate consideration. (*Id*. ¶ 17).  These allegations, however, "are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  As such, the Court dismisses Plaintiffs' breach of contract claim as to the Agreement.

Plaintiffs similarly fail to state a plausible breach of contract claim as to the Repayment Agreement.  Though Plaintiffs adequately allege the existence of the Repayment Agreement, Plaintiffs fail to allege sufficient facts demonstrating a breach of contractual obligation under the Policy.  Plaintiffs specifically allege that Target breached the Repayment Agreement by: (1) failing to ensure the safe and complete transfer of the Property; (2) failing to adequately insure the Property during transportation; and (3) refusing to compensate Plaintiffs for the lost

property. (FAC ¶ 96).  However, the Repayment Agreement, as alleged, appears to only cover

Plaintiffs' repayment of relocation benefits if Elisabeth failed to start or otherwise stopped

work at Target within 18 months of the move. (*Id*. ¶¶ 24–26).  Nowhere do Plaintiffs allege that

the Repayment Agreement covers Plaintiffs' property in the event of loss. (*See* FAC ¶¶ 22–26).

Thus, even construing all evidence in Plaintiffs' favor, the Court finds that Plaintiffs fail to

plausibly allege a breach of contract claim.  Accordingly, the Court dismisses Plaintiffs' first

claim for breach of contract.

### B.  Claim 2: Breach of Contract between Target and NAVL/Beltman

Plaintiffs allege that Target entered into a valid contract with the Moving Companies to

ship the Property (the Moving Contract"), whereby Plaintiffs acted as third party beneficiaries

to the contract (FAC ¶¶ 100–101).  Target moves to dismiss this claim, arguing that Plaintiffs

fail to establish that there was a contract and further, how Target breached such contract. (MTD

9:20–11:3).

As stated above, a claim for breach of contract must allege (1) the existence of a valid

contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant

breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the

breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 116

Nev. 250, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material

failure of performance of a duty arising under or imposed by agreement.").

Here, Plaintiffs allege that "[u]pon information and belief, Target entered into a contract

with NAVL and/or Beltman to perform the Grimshaw household good move to Nevada." (FAC

¶ 40).  Plaintiffs did not review or negotiate any of the terms of the Moving Contract between

Target, NAVL and/or Beltman, including any provisions regarding the scope and extent of

insurance coverage to protect against the risk of loss of moving their Property to Nevada. (*Id*. ¶

42).  Without knowing the provisions of the Moving Contract, Plaintiffs cannot plausibly allege

1    how Target breached the Moving Contract with sufficient facts. *See Sprewell*, 266 F.3d at 988.

2    Accordingly, the Court dismisses Plaintiffs' second claim for breach of contract.

3            **C.  Claim 3: Breach of the Implied Covenant of Good Faith and Fair Dealing**

4           In its Third Claim, Plaintiffs allege that Target breached the implied covenant of good

5    faith and fair dealing associated with the Agreement, the Reimbursement Agreement, and the

6    Moving Contract by refusing to ensure the safe and complete transfer of the Property, failing to

7    adequately insure the risk of loss, and refusing to compensate Plaintiffs for the lost Property.

8    (FAC ¶¶ 108–112).  Target argues that this claim must be dismissed because it stems from the

9    same breach Plaintiffs allege in their first and second claims. (MTD 12:10–18).

10          Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and

11   fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cty.*, 105 Nev.

12   913, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  To

13   establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff

14   must prove: (1) the existence of a contract between the parties; (2) that the defendant breached

15   its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the

16   contract; and (3) the Plaintiffs' justified expectations under the contract were denied. *See Perry*

17   *v. Jordan*, 111 Nev. 943, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch*

18   *Lewis Prod., Inc.*, 107 Nev. 226, 808 P.2d 919, 922-23 (Nev. 1991)).

19          A contractual breach of the implied covenant of good faith and fair dealing occurs

20   "[w]here the terms of a contract are literally complied with but one party to the contract

21   deliberately countervenes [sic] the intention and spirit of the contract." *Hilton Hotels*, 808 P.2d

22   at 923-24.  This cause of action is different from one for breach of contract because it requires

23   literal compliance with the terms of the contract. *See Kennedy v. Carriage Cemetery Servs.,*

24   *Inc.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010).  "When one party performs a contract in a

25   manner that is unfaithful to the purpose of the contract and the justified expectations of the

1    other party are thus denied, damages may be awarded against the party who does not act in

2    good faith." *Hilton Hotels Corp..*, 107 Nev. at 234.

3         Here, Plaintiffs fail to allege a plausible claim for breach of the implied covenant of

4    good faith.  Plaintiffs do not elaborate on how Defendant's actions were "unfaithful to the

5    purpose of" the Agreement, the Reimbursement Agreement,[1] and/or the Moving Contract. *See*

6    *Perry v. Jordan*, 111 Nev. 943, 900 P.2d 335, 338 (Nev. 1995).  Plaintiffs solely allege that

7    Target breached the implied covenant by: (1) failing to ensure the safe and complete transfer of

8    property; (2) failing to insure the risk of loss; and (3) failing to compensate Plaintiff under the

9    Agreement, the Reimbursement Agreement and/or the Moving Contract. (FAC ¶ 110).

10   Accordingly, the Court dismisses Plaintiffs' breach of implied covenant claim.

11        **D.  Claim 7: Negligence**

12        Plaintiffs allege a negligence claim against Target. (FAC ¶¶ 139–143).  Target moves to

13   dismiss such claim, arguing that Plaintiffs fail to establish what legal duty Target owed

14   Plaintiffs and further, how Target's conduct was unreasonable. (MTD 12:8–19).

15        To state a claim for negligence, a plaintiff must plead: (1) the existence of a duty of care;

16   (2) breach of that duty; (3) legal causation; and (4) damages. *Sanchez v. Wal-Mart Stores, Inc.*,

17   125 Nev. 818, 221 P.3d 1276, 1280 (Nev. 2009).  The Court finds that Plaintiffs allege

18   sufficient factual allegations to support a negligence claim.  Plaintiffs allege that Target had a

19   legal duty to protect Plaintiffs from the loss of their goods and personal property, assumed the

20   duty when it accepted responsibility for moving the personal property to Nevada, and breached

21   its duty by inadequately insuring the Property from the risk of loss. (FAC ¶¶ 139–141).  The

22   allegations put forth by Plaintiffs provide sufficient facts to meet the elements of a negligent

23   claim.  Accordingly, Target's Motion to Dismiss the negligence claim is denied.

24

25   [1] Plaintiffs cite to the "Reimbursement Agreement," which is not defined in the First Amended Complaint. (FAC ¶ 110).  The Court, however, assumes that Plaintiffs intended to cite to the Repayment Agreement in their argument.

**E.  Claim 8: Negligence Performance of an Undertaking**

Plaintiffs lastly claim that Target failed to take reasonable care when it undertook to render relocation services to Plaintiffs. (FAC ¶¶ 145–153).  Target seeks dismissal, arguing that the allegations are insufficient. (MTD 13:19–15:14).

For state claims of negligent performance of an undertaking, Nevada follows the Restatement (Second) of Torts, which reads as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>  (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 323 (1977); *see e.g.*, *Wiseman v. Hallahan*, 113 Nev. 1266, 945 P.2d 945, 947-48 (Nev. 1997); *Wright v. Schum*, 105 Nev. 611, 781 P.2d 1142, 1144-45 (Nev. 1989).

Here, Plaintiffs allege that Target "undertook to render a service to [Plaintiffs], namely the relocation of the Property from New York to Nevada." (FAC ¶ 146).  Target, Plaintiffs claim, failed to take reasonable care by "failing and/or refusing to fully insure against the risk of loss of the Property and by failing and/or refusing to deliver the Property from New York to Nevada." (*Id*. ¶ 149).  Thus, Plaintiffs adequately explain the specific ways Target failed to take reasonable care in performance of its undertaking. *Cf. Olvera v. Shafer*, No. 2:14-cv-01298-GMN-NJK, 2016 U.S. Dist. LEXIS 47188, at *8 (D. Nev. Apr. 7, 2016) (dismissing as conclusory the allegation that "FirstService undertook for consideration, to provide employee screening, training and supervision obligations . . . ," and "failed to exercise reasonable care

1    and increased the risk of harm to the Plaintiffs.").   The Court accordingly denies Target's

2    Motion to Dismiss as to the negligent undertaking claim.

3         **F.  Leave to Amend**

4         If the Court grants a motion to dismiss, it must then decide whether to grant leave to

5    amend.  The Court will "freely give" leave to amend when there is no "undue delay, bad faith[,]

6    dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of

7    . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*,

8    371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the

9    deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight*

10   *Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  "[A] district court should grant leave to amend

11   even if no request to amend the pleading was made, unless it determines that the pleading could

12   not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497

13   (9th Cir. 1995).

14        As explained above, the Court dismisses the following claims: (1) breach of contract

15   between Plaintiffs and Target; (2) breach of contract between Target and NAVL; and (3)

16   breach of the implied covenant of good faith and fair dealing.  The Court grants leave to amend

17   as to all the claims, given that Plaintiffs may be able to allege additional facts to support

18   plausible claims.[2]

19   **V.       CONCLUSION**

20        **IT IS HEREBY ORDERED** that Defendant Target's Motion to Dismiss, (ECF No. 13),

21   is **GRANTED in part** and **DENIED in part**.  Plaintiffs have plausibly alleged a claim for

22   negligence and negligent performance of an undertaking.  In contrast, Plaintiffs have not

23   plausibly alleged claims for breach of contract between Plaintiffs and Target, breach of contract

24

25

---

[2] Given that the Court grants leave to amend, the Court accordingly denies as moot Target's request for a more definitive statement as to Claims 1, 2, 3, 7, and 8. (MTD 15:15–16:3).

between Target and NVAL, and breach of the implied covenant of good faith and fair dealing. These claims are dismissed without prejudice with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiffs elect to amend their claims that are dismissed without prejudice, Plaintiffs shall have twenty-one days from the date of this Order to do so.

**DATED** this __25__ day of September, 2021.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT