UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELISABETH GRIMSHAW and GENE ERIC GRIMSHAW,<br><br>   Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION and METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>   Defendants. | Case No.: 2:20-cv-01068-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") of the United States Magistrate Judge Elayna Youchah, (ECF No. 44), recommending that the Court deny Defendant Metropolitan Property & Casualty Insurance Company d/b/a/ Metlife Auto & Home's ("Metlife's") Motion for Leave to File Third-Party Complaint, (ECF No. 35). Defendant Metlife timely filed an Objection, (ECF No. 45).

For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** Defendant Metlife's Motion for Leave to File Third-Party Complaint.

I.  **BACKGROUND**

This case concerns Target's employee relocation benefits, and the subsequent $400,000.00 loss of Property during Plaintiffs' move to Las Vegas, Nevada. (*See* First Am. Compl. ("FAC"), ECF No. 15). In 2018, Target promoted Plaintiff Elisabeth Grimshaw to a new position within the company. (*Id*. ¶¶ 11–12). As a condition of the promotion and employment, Ms. Grimshaw was required to relocate to Nevada. (*Id*. ¶ 12). Target offered to pay all the costs associated with moving Plaintiffs' household provisions and personal/business

property (the "Property."). (*Id*. ¶ 13). Specifically, Target offered to locate, hire, and pay a moving company to move all of Plaintiffs' Property (the "Agreement"). (*Id*. ¶ 14).

Prior to moving, Target informed Plaintiffs of the company's Relocation Policy. (*Id*. ¶ 18). The Relocation Policy identified benefits Plaintiffs could receive as part of their relocation, which included (1) a relocation allowance of $7,500; (2) airfare; and (3) guaranteed home sale. (*Id*. ¶ 20). Before receiving any benefits, Ms. Grimshaw signed a Relocation Expense Agreement (the "Repayment Agreement"). (*Id*. ¶ 22). Under the Repayment Agreement, she agreed to repay all or part of the relocation benefits if: (1) she failed to start in her new position; (2) she voluntarily terminated her employment within 18 months of the move; or (3) she was terminated for cause within 18 months of the move. (*Id*. ¶¶ 24–26). Plaintiffs allegedly performed all obligations of the Agreement and did not act in any way that would trigger payment obligations under the Repayment Agreement. (*Id*. ¶ 31).

To arrange for Plaintiffs' move, Target purportedly contracted with North American Van Lines ("NAVL") and/or Beltman Relocation Group ("Beltman") (collectively, "Moving Companies") for their moving services (the "Moving Contract"). (*Id*. ¶¶ 39–41). Plaintiffs are not a party, but rather, third-party beneficiaries, to the Moving Contract. (*Id*. ¶ 41). Plaintiffs were not provided the opportunity to review or negotiate any of the terms of the Moving Contract between Target and Moving Companies, including any provisions regarding the scope and extent of insurance coverage to protect against the risk of loss of moving their Property to Nevada. (*Id*. ¶ 42).

In 2018, Plaintiffs moved to Las Vegas, Nevada. (*Id*. ¶ 33). In the course of shipping Plaintiffs' Property, the transporting vehicle caught fire and destroyed Plaintiffs' Property. (*Id*. ¶ 61). The fire was purportedly the result of negligence by the Moving Companies. (*Id*. ¶ 62). Plaintiffs allege that the total value of the loss of Property was in excess of $400,000.00 (*Id*. ¶ 64).

Plaintiffs' Property was protected by a Metlife policy of homeowners insurance (the "Policy"), which provided insurance for the loss of personal/business property as a result of a fire. (*Id.* ¶ 78). Plaintiffs submitted a claim to Metlife arising from the fire and loss of their personal property. (*Id.* ¶ 79). Metlife, however, refused to tender the full amount under the Policy. (*Id.* ¶ 83).

As a result, Plaintiffs filed a Complaint in the Eighth Judicial District Court on March 23, 2020. (Compl., Ex. 3 to Pet. Removal, ECF No. 1-3). On June 16, 2020, Target removed the case to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No. 1). This Court thereafter granted in part and denied in part Defendant Target's Motion to Dismiss (ECF No. 20). (*See* Order granting in part and denying in part MTD, ECF No. 43). Defendant Metlife also filed the instant Motion for Leave to File Third-Party Complaint. (*See* Mot. Leave, ECF No. 35). Magistrate Judge Elayna Youchah issued a Report and Recommendation, recommending that the Motion for Leave to File a Third-Party Complaint be denied. (*See* Report & Recommendation ("R&R"), ECF No. 44). Defendant Metlife timely filed an Objection to the R&R. (*See* Obj. to R&R, ECF No. 45).

## II.  LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.  DISCUSSION

Defendant Metlife makes two main objections to Magistrate Judge Elayna Youchah's Report and Recommendation, which recommends denying Metlife leave to file its Third-Party

Complaint. (*See generally* Obj. to R&R, ECF No. 45). First, Metlife argues that the liability of the proposed non-parties—Beltmann, NAVL, and Mr. Billups—is dependent on the outcome of Plaintiffs' main claims. (*Id.* 5:17–20). Second, Metlife asserts that granting its Motion for Leave to File a Third-Party Complaint will promote judicial economy and will not prejudice any parties. (*Id.* 5:20–21).

Federal Rule of Civil Procedure 14(a) states that "[a] defending party may, as a third party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereof." *Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id*. Nevertheless, "[i]t is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action." *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) *citing* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1443, at 210 (1971). The Court first analyzes whether Metlife's claims are dependent on the outcome of Plaintiffs' primary claims before addressing whether granting leave to file will disadvantage the existing action.

### A. Whether Metlife's Proposed Third-Party Complaint is Dependent on the Outcome of the Main Claim.

First, Metlife's claims for indemnity and subrogation appear "in some way dependent on the outcome" of Plaintiffs' main claims alleging negligence and breach of contract. *Stewart*, 845 F.2d at 199. "The basis for an impleader or third-party claim will always be indemnity, contribution, subrogation, express or implied warranty or some similarly 'derivative' or secondary claim." *Wagstaffe Prac Guide: Fed Civil Proc Before Trial § 16-V* (2021); *see also*

Fed. R. Civ. P. 14(a); *425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co.*, 151 F. Supp. 3d 715, 720 (E.D. La. 2015); *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 579 (M.D. Pa. 2011). Courts have similarly held that "impleader is commonly used for claims against a third party based on indemnification, subrogation, breach of warranty . . . , or contribution among joint tortfeasors. *Berman v. Amex Assurance Co.*, No. SACV 08-1051 DOC (RNBx), 2009 U.S. Dist. LEXIS 136082, at 5 (C.D. Cal. Feb. 25, 2009); *see also Transcon. Corp. v. Hyde*, No. 2:08-cv-00805-RCJ-RJJ, 2009 U.S. Dist. LEXIS 153035, at 13-14 (D. Nev. June 23, 2009).

   Here, Metlife's proposed third-party complaint seeks equitable and implied indemnity and subrogation from non-parties Beltmann, NAVL, and Mr. Billups. (Mot. Leave 5:5–7). Specifically, Metlife alleges that "Plaintiffs' damages, if any, were caused by the acts or omissions of [Betlmann, NAVL, and Mr. Billups who were] retained or employed by Target, had a contractual agreement with Target to transport Plaintiffs' belongings, and took affirmative steps to assume a duty of care to ensure that Plaintiffs' belongings arrived safely in Las Vegas." (*Id*. 4:26–5:3). Metlife's claims for indemnity and subrogation appear derivative to Plaintiffs' main claims against Target for the loss of their possessions and further, are commonly alleged claims under a Rule 14 impleader. *See Berman v. Amex Assurance Co.*, No. SACV 08-1051 DOC (RNBx), 2009 U.S. Dist. LEXIS 136082, at *5 (C.D. Cal. Feb. 25, 2009). The Court accordingly finds that Metlife's claims for subrogation and indemnity dependent on Plaintiffs' claims for, *inter alia*, negligence and breach of contract.[1]

---

[1] Plaintiff Target, in its Response to Defendant Metlife's Motion for Leave to File a Third-Party Complaint, alleges that Metlife's claims for indemnity and subrogation are preempted under the Carmack Amendment and 49 U.S.C. § 13907. (*See* Resp. to Mot. Leave 5:9–7:9, 8:1–3, ECF No. 38). Whether Metlife's Third-Party complaint "states a claim upon which relief can be granted is inconsequential for purposes of the instant motion." *See Goodrich v. Grg Enters.*, No. 2:20-cv-00671-JCM-NJK, 2020 U.S. Dist. LEXIS 187589, at *7 (D. Nev. Oct. 8, 2020); *see Clark Cty. v. Jacobs Facilities, Inc.*, No. 2:10-CV-00194-LRH-PAL, 2011 U.S. Dist. LEXIS 108888, at *1 (D. Nev. Sep. 21, 2011) ("Any Rule 12 defenses to Defendants' third-party claims are properly raised by . . . [a] third-party defendant in its answer to the third-party complaint, not by . . . the original plaintiff in opposition to a motion for leave to file.").

### B. Whether Granting Leave to File a Third-Party Complaint will Disadvantage the Current Litigation.

Nevertheless, the Court must additionally consider whether granting leave to file a third-party complaint will disadvantage the current parties and otherwise complicate the issues at trial. Defendant Metlife, in its Objection, argues that forcing Defendant to bring claims against Beltmann, NAVL, and Mr. Billups in a separate cause of action does not promote judicial efficiency because it would cause circuity of actions and multiple suits. (Def.'s Obj. 10:15–11:14).

The purpose of an impleader "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1442, at 202–03 (1971). However, "[i]t is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action." *Id*.

Here, granting impleader will complicate and lengthen the trial because Melife's claims raised in its Third-Party Complaint likely concern additional issues, such as the Carmack Amendment, that do not otherwise arise in the underlying suit. (*See* Resp. to Mot. Leave at 5–8); (*see also* Reply to Mot. Leave at 6–8). Plaintiff alleges the following claims in its Amended Complaint: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) tortious and contractual breach of the covenant of good faith and fair dealing; (4) insurance bad faith; (5) negligence; and (6) negligent performance of an undertaking. (*See* Am. Compl. ¶¶ 91–154). Defendant Metlife does not identify, nor can the Court find in its own review of the underlying suit, any discussion of subrogation, the Carmack Amendment, and the parties' settlement in Plaintiffs' underlying claims. Granting the impleader will, therefore, likely

complicate and lengthen the trial, and introduce extraneous questions. *See Sw. Adm'rs, Inc.*, 791 F.2d at 777 ("To have granted the impleader might well have complicated and lengthened the trial, and would have introduced the extraneous question of remedies in the third-party action, such as whether the collective bargaining agreement should be rescinded by reason of the union's allegedly fraudulent conduct.").

In its Objection, MetLife argues that this Court should grant leave to file a third-party complaint pursuant to the Nevada District Court's reasoning in *Gustin*, No. 2:14-cv-00700-RCJ-CWH, 2015 U.S. Dist. LEXIS 197097, at *7 (D. Nev. Jan. 15, 2015). There, the petitioner seeking to file a third-party complaint similarly sought contribution and equitable indemnity. *See id*. Specifically, "the proposed third-party complaint allege[d] that the harm to Plaintiff was the result of negligence on part of [non-party] Carmen Gustin in failing to properly supervise the minor Plaintiff." *Id*. The Nevada District Court ultimately determined that impleader under Rule 14 was appropriate because "[t]he proposed third-party complaint alleges non-complex contribution and indemnity claims, making the likelihood of complicating the issues at trial minimal." *Id*. at 8.

Unlike the claims in *Gustin*, Metlife's claims raised in its proposed Third-Party Complaint concern extraneous and potentially complicated questions arising out of the Carmack Amendment, 49 U.S.C. § 14706; Plaintiffs' settlement with Beltmann, NAVL, and Mr. Billups; and 49 U.S.C. § 13907. For example, Defendant Target argues that Metlife seeks to impose liability against an interstate carrier and agents (i.e. Beltmann, NAVL, and Mr. Billups), which may be preempted because the Carmack Amendment was "intended . . . to serve as the exclusive cause of action for loss or damage to goods arising from the interstate transportation of those goods by a common carrier." (*See* Resp. to Mot. Leave 6:3–6). Plaintiffs, however, have not sued common carriers, but rather Plaintiff Elisabeth Grimshaw's employer, Target, who provided her with a Relocation Policy, and Plaintiffs' insurance

company, Metlife. (Am. Compl. ¶¶ 91–154). Including Metlife's third-party claims may thus require the existing parties to litigate potentially complex and irrelevant indemnity claims that are not otherwise raised in Plaintiffs' Amended Complaint. Of note, Defendant Metlife, in its Objection, does not otherwise address Magistrate Judge Youchah's concern with potential extraneous issues of law raised by the allegations in Metlife's proposed Third-Party Complaint. (*See* Obj. to R&R 10:15–11:14) (arguing instead that granting leave will promote judicial efficiency and "avoid circuity of actions and multiplicity of suits."). Though courts generally grant leave to file third-party complaints alleging subrogation and indemnity, the present case uniquely presents complicated, extraneous questions that may disadvantage the present action. *Sw. Adm'rs, Inc.*, 791 F.2d at 777. Thus, in exercising its discretion, the Court denies granting leave to file the third-party complaint.[2]

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 44), is **ACCEPTED AND ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant Metlife's Motion for Leave to File Third-Party Complaint, (ECF No. 35), is **DENIED**.

**DATED** this __27__ day of January, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] As to Metlife's claim that Defendant Target does not have standing to challenge Metlife's Motion for Leave to File a Third-Party Complaint, the Court agrees with the analysis by Magistrate Judge Youchah. Rule 14(a)(4) states that "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." *See Nev. Eighty-Eight v. Title Ins. Co.*, 753 F. Supp. 1516, 1529 (D. Nev. 1990) (Rule 14(a) conferred standing on plaintiff to seek dismissal of the third-party complaint).